IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

LISA DIANE SEAT,                          )
                                          )
                Plaintiff,                )
                                          )
v.                                        )          Case No.
                                          )
FARMERS GROUP, INC.,                      )
FARMERS INSURANCE EXCHANGE,               )
FARMERS INSURANCE GROUP, and              )
FARMERS INSURANCE COMPANY,                )
INC., a Kansas corporation,               )
                                          )
                Defendants.               )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a) and the Class Action Fairness Act of 2005 ("CAFA"), Pub.

L. 109-2, 119 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d) and 1453, Defendant

Farmers Insurance Company, Inc. ("FICO") gives notice of removal of an action filed in the District

Court of Canadian County, State of Oklahoma, and titled *Lisa Diane Seat v. Farmers Group, Inc.,*

*et al.,* Case No. CJ-2005-4044 (the "Removed Action").[1]

1.      The Removed Action was originally commenced on May 20, 2005, by Lisa Diane

Seat against Farmers Group, Inc. ("FGI"), Farmers Insurance Exchange ("FIE"), and Farmers

Insurance Group (a federally registered service mark improperly named as a defendant) in the

District Court of Oklahoma County as Case No. CJ-2005-4044. On January 30, 2006, the action was

transferred to the District Court of Canadian County and consolidated with *In Re: Farmers Med-Pay*

---

[1]By this notice, FICO does not admit liability and expressly reserves all defenses, motions, and pleas, including without limitation any objections to the sufficiency of the pleadings and the propriety of class certification.

*Litigation, Plaintiffs, v. Farmers Insurance Company, Inc., et al., Defendants,* Master Case No. CJ-

2004-559 (the "Consolidated Action") as *In Re: Farmers Med-Pay Litigation, Plaintiff, v. Farmers*

*Insurance Company, Inc., et al., Defendants (Case #28), Lisa Diane Seat, Plaintiff, v. Farmers*

*Group, Inc., Farmers Insurance Exchange, and Farmers Insurance Group, Farmers Insurance*

*Company, Inc., a Kansas Stock Corporation, Defendants,* Case No. CJ-2005-4044.

2.    A Second Amended Petition in the Removed Action adding FICO as a defendant to

the Removed Action was filed on February 14, 2006, and served on FICO on February 23, 2006.

Because the Second Amended Petition is the "paper from which it may first be ascertained that the

case is one which is or has become removable" as to FICO, 28 U.S.C. § 1446(b), FICO is entitled

to remove at this time.   Therefore, this removal is timely filed under 28 U.S.C. § 1446 because it

occurs within 30 days of the filing and service of the Second Amended Petition.

3.    CAFA changes removal practice for putative class actions so as to permit removal

by a single defendant without the consent of co-defendants. 28 U.S.C. § 1453(b).   Nevertheless, co-

defendants FGI and FIE (also improperly named and referenced as defendant Farmers Insurance

Group) have no objection to this Notice of Removal, and join herein.

### Grounds for Removal

4.    CAFA was enacted to expand federal jurisdiction over asserted class actions. To that

end, the statute grants diversity jurisdiction over such claims when the claimed amount in

controversy is $5,000,000.00 or more.   CAFA amends the diversity statute to abolish the rule of

complete diversity in such cases and to permit the claims of putative class members to be aggregated

to reach the jurisdictional amount. 28 U.S.C. § 1332(d).

5.    Removal of plaintiff's case is proper under CAFA because (1) the case satisfies the

CAFA's requirements for removal of a putative class action; (2) since FICO was just added as a

defendant, removal is timely under 28 U.S.C. § 1446(b); and (3) the case was "commenced" after

CAFA's effective date of February 18, 2005.

### A.    This Case Satisfies CAFA's Requirements.

6.    Under CAFA, this Court has diversity jurisdiction over any class action that (1) has

at least 100 putative class members, (2) has an aggregate amount in controversy of $5,000,000.00

or more, and (3) includes at least one class member whose citizenship is diverse from that of any

defendant.  28 U.S.C. § 1332(d)(2), (d)(5).  A "class action" includes any civil action filed under

Federal Rule of Civil Procedure 23 or "similar State statute or rule or judicial procedure," *id.* §

1332(d)(1)(b), such as 12 O.S. § 2023.

7.    <u>Diversity</u>.  Plaintiff Lisa Seat, who seeks to prosecute her claim as a representative

action, is a citizen of the State of Oklahoma.  (Second Amended Petition, ¶ 16d, ¶ 1).  Defendant

FICO is a corporation duly organized and existing under the laws of the State of Kansas and no other

state, with its principal place of business in Overland Park, Kansas.  Diversity of citizenship under

CAFA is therefore satisfied.  Additionally, though not necessary to satisfy CAFA's diversity

requirement, defendant FGI is a corporation organized and existing under the laws of the State of

Nevada and no other state, with its principal place of business in Los Angeles, California.  Further,

defendant FIE is an inter-insurance exchange organized under the laws of the State of California and

thus is an unincorporated organization.  As such, for purposes of removal FIE is deemed to be a

citizen of the state where it has its principal place of business and the state under whose laws it is

organized.  28 U.S.C. § 1332(d)(10).  FIE's principal place of business is in Los Angeles, California.

8.    <u>Putative class</u>.  Plaintiff's Second Amended Petition alleges defendants' breach of a

private passenger automobile insurance contract as it relates to medical pay coverage, including an alleged course of conduct to wrongfully reduce payments on medical bills "submitted by the Plaintiff and their other similarly situated policyholders" to defendants. Plaintiff further alleges that defendants' "improper actions regarding the plaintiff's medical payments claim is representative of how the defendants, and each of them, handle the substantial majority of all similar claims submitted to the various defendant insurance companies by their policyholders." (Second Amended Petition, ¶ 15). Plaintiff also alleges that "The defendants, and each of them over the past three or four years and as a matter of course and routine, have sought to reduce the amounts of the bills submitted to them by their policyholders under their medical payments coverage." (Second Amended Petition, ¶ 11.a). Plaintiff then alleges numerosity, commonality, typicality and adequacy of representation, and purports to seek relief on behalf of "other persons who have been/are being/or will be adversely affected by the various defendants' individual, joint, and concerted aforesaid acts, actions, and courses of conduct." (Second Amended Petition, ¶ 16). Plaintiff thus seeks to represent all policyholders of defendants affected or harmed by the defendants' alleged conduct on a geographically unlimited basis. While the asserted class definition is so vague and uncertain that it defies ready calculation of the number of alleged class members, defendants FIE and/or FICO write private passenger automobile insurance in Alabama, Arizona, Arkansas, California, Colorado, Georgia, Iowa, Kansas, Kentucky, Louisiana, Maine, Michigan, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, North Carolina, North Dakota, Oklahoma, Tennessee, Utah, Virginia, Wisconsin and Wyoming. Thus the Second Amended Petition involves a multi-state class of policyholders, and puts at issue literally thousands of private passenger automobile policy medical payment claims submitted across the country over many years. For each of the last four years, FIE

and FICO have had in excess of 100 private passenger automobile policy medical payment claims where the medical bill review resulted in a reduction of medical payments. Relief is therefore sought on behalf of more than 100 putative class members.

9.    Amount in controversy. FICO disputes that any damages are owed and disputes the claimed amount of damage. Nevertheless, damages in excess of the $5,000,000.00 threshold under CAFA are placed in controversy by plaintiff. Plaintiff has sued the defendants for damages of $1,395.00, for damages in excess of $10,000.00 arising from plaintiff's loss of use of the funds and for defendants' tortious breach of contract with plaintiff, and for exemplary damages in the sum of $100,000.00, all exclusive of interest and costs. (Second Amended Petition, Prayer for Relief). Such prayer, if extended to the putative class of persons described in the Second Amended Petition, exceeds an amount of $5,000,000.00 in controversy as to either compensatory or punitive damages. First, in the twenty-six (26) states in question the review of medical bills by FIE and/or FICO during the years alleged in the Second Amended Petition has resulted in the reduction of medical payments with respect thereto by more than $5,000,000.00. Thus the amount of compensatory damages in controversy exceeds $5,000,000.00. Second, although not necessary to satisfaction of the jurisdictional amount in light of the foregoing, the punitive damage prayer alone would exceed the value of $5,000,000.00 in controversy even if the asserted class had only 50 members. Punitive damages are properly considered in determining satisfaction of the jurisdictional amount. *See Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003)*; Watson v. Blankenship*, 20 F.3d 383, 386 (10th Cir. 1984). Plaintiff's allegations involve thousands of putative claimants in twenty-six (26) states and unquestionably implicate an amount in controversy well in excess of the $5,000,000.00 threshold amount.

**B.    Removal is Timely Under 28 U.S.C. § 1446(b).**

10.    The first pleading, motion, order, or other paper from which it first could be ascertained that FICO could remove this case is the Second Amended Petition.

**C.    The Case Commenced After CAFA's Effective Date.**

11.    Finally, the case against FICO (and indeed the initial suit against the original defendants) commenced after CAFA's effective date of February 18, 2005.

12.    As provided by 28 U.S.C. § 1446(a) and LCvR 81-2, FICO submits copies of all process, pleadings, and orders served on FICO and/or the other defendants in the Removed Action, attached hereto as Exhibits 1 through 6, and made a part hereof, and a certified copy of the Canadian County docket sheet in the Consolidated Action, Case No. CJ-2004-559, which contains the docket entries for the Removed Action, attached hereto as Exhibit 7 and made a part hereof.   While the Court Clerk of Canadian County maintains separate files for each of the 28 consolidated cases, the Court Clerk maintains a consolidated docket sheet and therefore a certified copy of a separate docket sheet for the Removed Action could not be issued by the Canadian County Court Clerk.  FICO further submits copies of all process, pleadings, and orders served on defendants FGI, FIE, and improperly named Farmers Insurance Group, but not on FICO, in the Oklahoma County action prior to transfer of the Removed Action to the District Court of Canadian County, attached hereto as Exhibits 8 though 12, and made a part hereof, and a certified copy of the Oklahoma County docket sheet in Case No. CJ-2005-4044, attached hereto as Exhibit 13, and made a part hereof.

DATED:    March 24, 2006.

Brooke S. Murphy, OBA No. 6524

- Of the Firm -

CROWE & DUNLEVY
A Professional Corporation
20 North Broadway, Suite 1800
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-7735
Facsimile:  (405) 272-5278

ATTORNEYS FOR DEFENDANTS FARMERS
GROUP, INC., FARMERS INSURANCE
EXCHANGE, FARMERS INSURANCE GROUP,
and FARMERS INSURANCE COMPANY, INC.

## CERTIFICATE OF SERVICE

This is to certify that on this 24th day of March, 2006, a true and correct copy of the above and foregoing was mailed, postage prepaid, to:

Mike Moore
Matthew Reinstein
Lawter & Associates, PLLC
3313 North Classen Boulevard
Oklahoma City, OK 73118
Telephone: 405-525-4131

Michael Woodson
Edmonds Cole Hargrave Givens Ryan & Woodson
One North Hudson, Suite 200
Oklahoma City, Oklahoma  73102
Telephone: 405-272-0322

Brooke S. Murphy