## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

LISA DIANE SEAT,                          )
                                          )
      Plaintiff,                    )
                                          )
vs.                                       )      Case No. CIV-06-0309-F
                                          )
FARMERS GROUP, INC., et al.,              )
                                          )
      Defendants.                   )

## ORDER

Two matters are before the court: the "Objection of Defendants Farmers Group, Inc., Farmers Insurance Exchange and Farmers Insurance Company, Inc. to Third Amended Petition/Complaint," filed May 2, 2006 (doc. no. 13);  and plaintiff's "Motion to Remand," filed April 14, 2006 (doc. no. 11).  Both matters are ready for determination.

### I.  Objections to the Third Amended Complaint

Defendants object to the third amended complaint on two grounds.  First, their view is that the court's Order of April 6, 2006 only gave plaintiff permission to *move* to file a third amended complaint rather than permission to *file* a third amended complaint.  The court's Order of April 6 struck plaintiff's objection to removal as deficient and then stated:  "[T]he plaintiff is always the master of her claim, and if the plaintiff desires to restate her claim so as to clarify the issues with respect to jurisdiction, plaintiff is granted 10 days from this date within which to do so."  Plaintiff's view is that this language granted leave to file a third amended complaint, making a formal motion to amend unnecessary.

Defendants' second objection to the third amended complaint is that the changed allegations are an attempt to avoid federal jurisdiction and thereby require

remand.  The propriety of removal jurisdiction is judged on the complaint as it stood at the time of removal. *See, e.g.,* Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991) (plaintiff erroneously assumed a party may force remand after removal by amending the complaint to destroy the federal court's jurisdiction over the action, but the propriety of removal is judged on the complaint as it stands at the time of removal, quoting Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)).  On the date of removal (March 24, 2006) the third amended complaint had not been filed.  The third amended complaint is therefore immaterial to the question of whether the court should decline to exercise jurisdiction under the exceptions to federal jurisdiction provided in 28 U.S.C. § 1332(d)(3) or (4), the provisions relied upon by the plaintiff in support of her motion to remand.

Finally, the court notes that the changes which the third amended complaint makes clarify the issues for trial by narrowing them rather than expanding them.

Based on the above considerations, and given the liberality with which amendments are approached under the Federal Rules, the court finds and concludes that the third amended complaint should have no impact on the question of whether removal was proper, but that otherwise defendant's objection to the third amended complaint should be overruled and that the third amended complaint should stand as a post-remand amendment.

## II. Motion to Remand

As just noted, plaintiff argues for remand under two provisions in the Class Action Fairness Act, 28 U.S.C. § 1332(d)(3) and (4).  These provisions control permissive and mandatory remand of class actions, respectively.  Defendants argue that remand is not proper under either provision because none of the defendants are citizens of Oklahoma, the state in which this action was originally filed.  Defendants are correct that the statutory language of both § 1332(d)(3) and (4) require that at least

one defendant be a citizen of the state in which the action was filed, Oklahoma.  See 28 U.S.C. §1332(d)(3); §1332(d)(4)(A)(i)(II)(cc); and §1332(d)(4)(B).

Although plaintiff's motion for remand states that "[t]here is at least 1 Defendant...who is a citizen (a domesticated Insurance Carrier in the State of Oklahoma) of the State of Oklahoma," plaintiff does not identify which defendant(s) she contends qualifies as a citizen of Oklahoma.  Nor does she identify any adequate ground for concluding that this unidentified defendant(s) is a citizen of Oklahoma.  For example, although plaintiff refers to "a domesticated Insurance Carrier," she does not state, for example, that any defendant's state of incorporation is Oklahoma or that any defendant has its principle place of business in Oklahoma.

As indicated by the Senate Committee Report on the Class Action Fairness Act (quoted in defendants' response brief, p. 2) and cases in other jurisdictions which hold in accord, under 28 U.S.C. § 1332(d)(3) or (4), plaintiff has the burden to demonstrate that the criteria of those statutes are met before either of those exceptions to the court's exercise of federal jurisdiction can apply.  Plaintiff's vague and unsupported statements regarding the citizenship of some unidentified defendant(s) are insufficient to establish anything in that regard.  This is especially so in light of the specific allegations regarding each of the defendants' citizenship which are set forth in the Notice of Removal.  There, the removing defendant Farmers Insurance Company, Inc. alleges with particular facts which establish each of the defendants' citizenship for purposes of diversity jurisdiction and § § 1332(d)(3) and (4).[1]  These factual representations are not disputed in plaintiff's motion to remand, and they defeat

---

[1]Removing defendant Farmers Insurance Company, Inc. alleges that Farmers Insurance Group is improperly named as a defendant and that "Farmers Insurance Group" is a federally registered service mark.  Notice of Removal, ¶ 1.  Facts pertaining to the citizenship of the other defendants are set out in the Notice of Removal at ¶ 7.

plaintiff's bald contention that some unidentified defendant(s) is a citizen of Oklahoma for purposes of § § 1332(d)(3) and (4).

The court finds and concludes that plaintiff has not demonstrated that either of the two exceptions upon which she relies apply.  Accordingly, her motion to remand should be denied.

Conclusion

Having carefully studied the parties' submissions, the record, and the relevant authorities, defendant's objections to plaintiff's third amended complaint are **OVERRULED**, and plaintiff's motion to remand is **DENIED**.

Dated this 5th day of May, 2006.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0309p003(pub).wpd